# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE HALL, #B19766, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  Case No. 17-cv-00386-MJR ) |
| WEXFORD MEDICAL SERVICES, CHRISTINE BROWN, JOHN BALDWIN, JOHN DOE, JACQUELINE LASHBROOK, and DAN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

Plaintiff Andre Hall, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action under 42 U.S.C. § 1983 for deprivations of his constitutional rights at Pinckneyville. (Doc. 1). According to the Complaint, Plaintiff was denied adequate medical treatment for a right ankle injury and back injury that he sustained prior to his incarceration. (Doc. 1, pp. 6-8). In connection with this denial of medical care, Plaintiff now brings claims against the following defendants under the Eighth and Fourteenth Amendments: Wexford Medical Services ("Wexford"), John Baldwin (Illinois Department of Corrections ("IDOC") Director), Jacqueline Lashbrook (warden), Christine Brown (health care administrator), John Doe (doctor), and Dan (physical therapist). Plaintiff seeks monetary damages. (Doc. 1, p. 9). He also requests a temporary restraining order and/or preliminary injunction requiring these officials to provide him with "immediate" and "adequate" medical care. *Id*.

1

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## The Complaint

Prior to his incarceration, Plaintiff suffered a right ankle injury and back injury. (Doc. 1, pp. 6-8; Doc. 1-1, pp. 1-7). He offers no details regarding the cause of these injuries. *Id*. However, Plaintiff indicates that he was under the care of a physician for both of them prior to his incarceration. *Id*.

Plaintiff attempted to obtain medical treatment when he arrived at Pinckneyville on October 27, 2016. (Doc. 1, p. 6). Prison officials failed to properly treat either condition. *Id*.

Plaintiff allegedly met with an unknown doctor ("Doctor John Doe"), as well as a nurse practitioner[1] and a physical therapist. *Id*. He informed them about the medical care he received for both conditions prior to his incarceration. *Id*.

Despite his recent treatment history, Doctor Doe "refused to give [Plaintiff] medication that relieved the severe pain." (Doc. 1, p. 6). Plaintiff explained that he had taken Norco for pain, and it was effective. *Id*. Plaintiff also indicated that he needed an MRI. *Id*. Still, Doctor Doe refused to give him Norco or refer him for an MRI. *Id*. Instead, the doctor prescribed Plaintiff a six week course of Tramadol after stating, "It's the best I can do." (Doc. 1, p. 7). Doctor Doe informed Plaintiff that he was leaving the prison, and his replacement would make the referral for an MRI. *Id*. In the meantime, Doctor Doe referred Plaintiff to a physical therapist, named Dan, who simply told him to "do exercises." *Id*.

Plaintiff met with Doctor Doe on his final day at Pinckneyville. (Doc. 1, p. 7). The doctor informed Plaintiff that he was not supposed to recommend "expensive treatments" pursuant to Wexford's policy. *Id*. That policy is reflected in a memo that is posted in the "emergency room," which states that "expensive [treatments] cannot/should not be allowed." *Id*. An MRI is one such test that Wexford disfavors based on cost concerns. *Id*.

Plaintiff wrote three letters to Administrator Brown, Warden Lashbrook, and Director Baldwin. (Doc. 1, pp. 7-8). He informed each of them about his injuries, his history of treatment, and the MRI recommendation. *Id*. He complained of suffering from pain for up to twelve hours each day that he rated as a "10" on a scale from "1" to "10," with "10" being the most severe. *Id*. He complained of elevated blood pressure that resulted from his persistent

---

[1] The nurse practitioner is not named as a defendant in this action, and Plaintiff asserts no claims against him or her. Any potential claims against this individual are considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

pain. *Id*. Plaintiff also notified the grievance officials that he was assigned to a top bunk without a ladder or any alternative means of climbing into bed. (Doc. 1, p. 7).

Plaintiff claims that the defendants all knew, or should have known, that their refusal to provide adequate testing or treatment because of cost concerns could result in irreparable harm and serious pain. (Doc. 1, pp. 7-8). Plaintiff complains of severe headaches, back pain, neck pain, and other "mental injuries" that resulted from their inaction. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1** - Eighth Amendment deliberate indifference to medical needs claim against Defendant John Doe for inadequately treating Plaintiff's right ankle and back injuries by refusing to refer him for an MRI and refusing to prescribe him Norco.

**Count 2** - Eighth Amendment deliberate indifference to medical needs claim against Physical Therapist Dan for recommending exercises for Plaintiff's right ankle and back injuries.

**Count 3** - Eighth Amendment deliberate indifference to medical needs claim against the grievance officials (Administrator Brown, Warden Lashbrook, and Director Baldwin) for ignoring Plaintiff's complaints of inadequate medical treatment for his right ankle and back injuries and his request for a low bunk permit.

**Count 4** - Eighth Amendment deliberate indifference to medical needs claim against Wexford for instituting a policy that elevates concerns regarding costs over concerns regarding quality of care and for consequently causing the denial of adequate medical care for Plaintiff's right ankle and back injuries.

**Count 5 -** Fourteenth Amendment due process claim against Defendants for denying Plaintiff adequate medical care for his ankle and back injuries by ignoring, denying, or delaying his grievances.

**Count 6 -**     Conspiracy claim against Defendants.

As discussed in more detail below, Counts 1, 3, and 4 survive preliminary review against the defendants named in connection with each claim. Counts 2, 5, and 6 fail to state a claim upon which relief may be granted and shall be dismissed.

## Claims Subject to Further Review

### Counts 1, 3, and 4

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. These protections safeguard prisoners against a lack of medical care that may result in pain and suffering that serves no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). A claim arises under the Eighth Amendment when a plaintiff alleges that: (1) he suffered from a sufficiently serious medical need (an objective standard); and (2) state officials responded to his medical need with deliberate indifference (a subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A medical condition is considered objectively serious when it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff's right ankle and back injuries were both diagnosed by a physician. The conditions, in combination, were sufficiently serious to require ongoing monitoring by a doctor. Plaintiff was prescribed several courses of pain medication for the conditions, and he describes severe pain in the absence of effective pain medication. The allegations support a finding that Plaintiff suffered from an objectively serious medical need, at least for screening purposes. *See Gutierrez v.*

*Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (condition is objectively serious if the "failure to treat it could result in further significant injury or unnecessary and wanton infliction of pain").

In order to survive preliminary review, the Complaint must also satisfy the subjective component of Plaintiff's Eighth Amendment claim against Doctor Doe (Count 1), Physical Therapist Dan (Count 2), the grievance officials (Count 3), and Wexford (Count 4). To do so, the allegations must suggest that each defendant exhibited deliberate indifference to Plaintiff's serious medical need. This is shown when prison officials "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Each defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

**Count 1**

Plaintiff's allegations against Doctor Doe suggest that he may have been deliberately indifferent to Plaintiff's right ankle and back injuries. However, the mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements about the judgments or techniques of medical personnel); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). This is because the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A difference of opinion between medical professionals concerning the treatment of an inmate will

not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898.

In this case, Doctor Doe did not disagree with another doctor (or Plaintiff) about the need for an MRI of Plaintiff's ankle and/or back to properly diagnose and treat his conditions. (Doc. 1, pp. 6-8). The doctor refused to refer Plaintiff for an MRI because Wexford discouraged costly diagnostic testing and treatment as a matter of policy. (Doc. 1, pp. 6-7). According to the Complaint, Doctor Doe intentionally disregarded Plaintiff's history of treatment and his outside provider's recommendation for an MRI in July 2016. (Doc. 1-1, p. 7). This defendant's refusal to refer Plaintiff for the test supports a deliberate indifference claim against him at screening.

Doctor Doe's refusal to prescribe Plaintiff Norco, on the other hand, does not support a deliberate indifference claim against this defendant. After x-rays were taken of Plaintiff's right ankle and back by an outside provider on February 25, 2016, Plaintiff was prescribed Tramadol (50 mg) (60 tablets) and instructed to take one tablet every eight hours as needed to control pain. (Doc. 1-1, pp. 3-5). Plaintiff was later prescribed Gabapentin (300 mg), Ibuprofen (800 mg), Lidoderm (5% patch), and Norco (5-325 mg) (60 tablets). (Doc. 1-1, p. 7). At the same time, his provider considered ordering an MRI to "eval[uate] for a herniated disc." (Doc. 1-1, p. 6).

Plaintiff's medical records indicate that he repeatedly returned to the outside provider requesting more Norco and was regularly counseled on the "importance of stopping Norco" between March and July 2016. (Doc. 1-1, pp. 3-7). On July 18, 2016, the outside provider decided to proceed with an MRI to evaluate for a herniated disc, after Plaintiff complained of ongoing pain despite compliance with physical therapy. *Id*. At that appointment, Plaintiff requested another prescription for Norco. *Id*. After prescribing him one additional month, the

7

provider again noted that they "[d]iscussed [the] importance of stopping Norco" and "anticipate[d] wean[ing] [Plaintiff from it] next month." *Id*.

Against this backdrop, Doctor Doe prescribed Plaintiff Tramadol for pain, instead of Norco. (Doc. 1, p. 7). The doctor's denial of Plaintiff's request for Norco does not amount to deliberate indifference under the circumstances described in the Complaint and the exhibits. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence."). The medical records that Plaintiff included with his Complaint confirm that Plaintiff's outside provider discouraged his overuse of Norco beginning in March 2016. (Doc. 1-1, pp. 5-7). He continued to discourage Plaintiff from taking Norco and emphasized the importance of weaning him off of it at each subsequent appointment through July 2016. *Id*. In light of these allegations, the deliberate indifference claim against Doctor Doe, based on his refusal to prescribe Norco in October 2016, fails and shall be dismissed without prejudice from this action.

**Count 3**

In an action brought pursuant to § 1983, grievance officials, like other defendants, are only responsible for constitutional violations that arise from their own misconduct. *Perez*, 792 F.3d at 781 (citing *Locke v. Haessig*, 788 F.3d 662, 669 (2015)). A plaintiff seeking monetary damages against a supervisory defendant may not rely on a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He must allege that each individual defendant, through his or her own misconduct, violated Plaintiff's constitutional rights. *Id*. The Seventh Circuit has found that an inmate's correspondence to a grievance official, such as a prison administrator, may establish a basis for personal liability under § 1983 where the correspondence

"provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 781 (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)). Once an official is "alerted to an excessive risk to inmate safety or health through a prisoner's correspondence," the decision to disregard the risk or deny access to medical care may amount to deliberate indifference. *Id*. This includes instances in which a plaintiff's grievances fall on "deaf ears." *Id*. (citing *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997)).

Plaintiff's allegations support a claim of deliberate indifference against Administrator Brown, Warden Lashbrook, and Director Baldwin. Plaintiff alleges that he wrote three grievances to these officials to notify them of the denial of adequate medical care for his ankle and back injuries and his difficulties climbing onto his top bunk. (Doc. 1, p. 7). He described severe pain for up to twelve hours each day because of his untreated conditions. (Doc. 1, pp. 7-8). His complaints allegedly fell on deaf ears. Accordingly, Count 3 is subject to further review against Administrator Brown, Warden Lashbrook, and Director Baldwin under the circumstances.

**Count 4**

Plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability, when bringing a claim under § 1983 against Wexford, a private corporation that provides medical staffing and services in IDOC facilities. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014). *See also Iqbal*, 556 U.S. at 676. A private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in a constitutional deprivation. *Perez*, 792 F.3d at 780 (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). *See Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Plaintiff points to Wexford's policy of denying all costly forms of testing and treatment,

regardless of need, as the driving force behind the denial of proper medical care (including an MRI) for his ankle and back injuries. Count 4 shall receive further review against Wexford, based on this policy.

### Claims Subject to Dismissal

### Count 2

The allegations state no plausible claim of deliberate indifference against the physical therapist, Dan. *See Twombly*, 550 U.S. at 570 (plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face"). Plaintiff only indicates that this defendant recommended exercises, in response to Plaintiff's complaints of back and ankle pain. (Doc. 1, p. 7). He fails to include any other allegations explaining how or why this recommendation amounted to deliberate indifference on the part of the physical therapist. For example, Plaintiff does not allege that he informed Dan that physical therapy was unsuccessful in the past or that it resulted in further injuries to his ankle or back. Plaintiff does not allege that he followed the recommendations of the physical therapist and still required more physical therapy. *See, e.g., Kyles v. Williams*, -- F. App'x --, 2017 WL 946743 (7th Cir. March 9, 2017) (defendants' decision to limit physical therapy to eight sessions does not reflect deliberate indifference given that physical therapist taught prisoner exercises that he could continue to perform in cell); *Burton v. Downey*, 805 F.3d 776, 787 (7th Cir. 2015) (holding that inmate could not sustain claim of deliberate indifference when medical personnel at prison instructed him how to perform therapy in his cell). Plaintiff fails to define the basic contours of this claim against the physical therapist and, for this reason, Count 2 shall be dismissed without prejudice against Dan.

**Count 5**

The Seventh Circuit Court of Appeals has long held that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). A cause of action does not arise where a plaintiff files a grievance and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Under the circumstances, the Complaint supports no independent Fourteenth Amendment due process claim against the defendants for mishandling Plaintiff's grievances, and Count 5 shall be dismissed with prejudice from this action for failure to state a claim upon which relief may be granted.

**Count 6**

Conclusory allegations of a conspiracy between defendants are insufficient to satisfy basic pleading requirements under Rule 8 of the Federal Rules of Civil Procedure or *Twombly*, 550 U.S. 544, 570 (2007). This is true even at the early pleadings stage. *Id*. In the Complaint, Plaintiff mentions that the defendants "conspired to violate Plaintiffs (sic) rights." (Doc. 1, p. 6). He lists "conspiracy" among his claims against the defendants. (Doc. 1 p. 7). Simply characterizing a combination of actions taken by various individuals as a "conspiracy," however, is not enough to establish an agreement on their part to deprive Plaintiff of his constitutional rights. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Count

6 shall be dismissed without prejudice against the defendants at this stage for failure to state a claim upon which relief may be granted against them.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against Defendant John Doe, the doctor at Pinckneyville who allegedly denied him adequate medical care for his right ankle and back injuries. Before service of the Complaint can be made on him, this individual must be identified with particularity. Where a complaint states specific allegations describing conduct of an individual prison official sufficient to raise a constitutional claim, but the name of the defendant is not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of the defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, Jacqueline Lashbrook, the Warden of Pinckneyville, is already named as a defendant. She shall respond to discovery aimed at identifying Doctor John Doe with particularity. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of this defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Request for Interim Relief

In his Complaint, Plaintiff seeks injunctive relief in the form of an "immediate" temporary restraining order or preliminary injunction requiring prison officials to provide him with "adequate medical care." (Doc. 1, p. 9). Plaintiff did not file a separate motion in support of either request, and he did not request any particular medical care, not even the MRI and Norco he identifies in the statement of his claim.

Plaintiff's request for a temporary restraining order is **DENIED without prejudice** at this time. A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Plaintiff's allegations do not meet this standard. He focuses on events that occurred in October 2016, after he transferred to Pinckneyville. He describes few subsequent events, including any changes in his ankle or back. Plaintiff describes no progressive symptoms, such as weakness or loss of mobility. He also addresses no attempts on his part to address his complaints of pain in any way that does not involve Norco. As explained above, the request for Norco does not support a claim in this case, let alone the issuance of a TRO. While some form of interim relief may ultimately be warranted, the Court cannot, based on the allegations in the Complaint alone, conclude that an MRI is necessary at this time, without the input of the defendants. For these reasons, the Court finds that this drastic form of relief is not appropriate.

Plaintiff's request for a preliminary injunction shall be separately docketed and referred to United States Magistrate Judge Stephen C. Williams. In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The motion shall be referred at this time for further consideration of Plaintiff's request in light of this standard.

### Pending Motions

1. **Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2)**

    Plaintiff's IFP Motion shall be addressed in a separate court order.

2. **Motion for Recruitment of Counsel (Doc. 3)**

    Plaintiff's Motion for Recruitment of Counsel shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

3. **Motion for Service of Process at Government Expense (Doc. 4)**

    Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as unnecessary. Service shall be ordered as a matter of course in this *pro se* prisoner case, where Plaintiff has already filed an IFP Motion.

### Disposition

The Clerk is directed to **ADD** a Motion for Preliminary Injunction as a separate docket entry in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendant **DAN** (Physical Therapist) and with prejudice against all other defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 5** is **DISMISSED** with prejudice against all Defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 6** is **DISMISSED** without prejudice against all Defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendant **JOHN DOE** (unknown doctor), as the claim pertains to Plaintiff's request for an MRI but not Norco; **COUNT 3** is subject to further review against Defendant **CHRISTINE BROWN, JACQUELINE LASHBROOK,** and **JOHN BALDWIN**; and **COUNT 4** is subject to further review against Defendant **WEXFORD MEDICAL SERVICES**. These claims are **DISMISSED** with prejudice against those defendants who are not named in connection with said claims.

As to **COUNTS 1, 3,** and **4**, the Clerk of Court shall prepare for Defendants **JOHN DOE** (once identified), **CHRISTINE BROWN, JACQUELINE LASHBROOK, JOHN BALDWIN,** and **WEXFORD MEDICAL SERVICES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that service shall not be made on Defendant **DOCTOR JOHN DOE** until such time as Plaintiff has identified this defendant by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown doctor ("Doctor John Doe"), a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3), and consideration of the Motion for Preliminary Injunction.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether

his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2017**

<u>**s/ MICHAEL J. REAGAN**</u>
**U.S. Chief District Judge**